1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BILLY JOE POTTER,

        Plaintiff,

    v.

THE WHITE HOUSE, *et al.*,

        Defendants.

Case No. C13-1043-MJP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

      Plaintiff, proceeding *pro se*, has filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP") in the above-entitled civil action.  Dkt. 1; Dkt. 1-1.  After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II.    BACKGROUND

      Plaintiff's proposed complaint, filed on June 18, 2013, alleges that numerous federal government agencies have refused to respond to his reports of "assassination attempts on several presidents" as well as their families during the past twenty years.  Dkt. 1-1 at 3-4.

REPORT AND RECOMMENDATION
PAGE - 1

1   Specifically, plaintiff asserts that "I have reported assassination attempts on several

2   [p]residents to the Obama presidential administration and have yet to obtain a response.  I have

3   had several death threats from people attempting to murder the President and no one from the

4   current Whitehouse administration has responded."  *Id*.  Plaintiff alleges that he has also

5   "attempted to contact multiple law enforcement agencies including the FBI, police department,

6   the United States Secret Service, Homeland Security and multiple other American and

7   International agencies with either no response or a cannot help to over 1,000 places."  *Id.*

8        With respect to his requested relief, plaintiff states that "there have been several top

9   secret organizations that have been using life threatening equipment against the Whitehouse,

10  the President as well as against myself.  I need a law passed that allows the President to protect

11  himself from poisonous chemicals including the HIV, cancer viruses as well as other deadly

12  chemicals that a warrant is normally required to obtain before being able to enter a top secret

13  facility."  *Id*. at 5.

14                          III.     DISCUSSION

15       A plaintiff must "plead a short and plain statement of the claim showing that the

16  pleader is entitled to relief."  Fed. R. Civ. P. ("FRCP") 8(a)(2).  This statement must be

17  sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds

18  upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a

19  complaint must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic

20  Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint may be dismissed as a matter of

21  law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal

22  theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Under 28

23  U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint

24  is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).

25  Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners.  *Lopez v.

26  Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

REPORT AND RECOMMENDATION
PAGE - 2

1    Here, plaintiff's proposed complaint fails to allege sufficient facts to provide any basis

2    for jurisdiction in this Court, or otherwise raise a right to relief above the speculative level.

3    *See* FRCP 8(a); *Twombly*, 550 U.S. at 555.  Specifically, plaintiff's proposed complaint lacks a

4    cognizable legal theory against the named defendants, which include the White House, FBI,

5    Department of Defense, Central Intelligence Agency, NASA, and Communications

6    Commission.  Accordingly, his proposed complaint appears frivolous.  *See* Dkt. 1-1.

7                              IV.    CONCLUSION

8    For the foregoing reasons, the Court recommends that plaintiff's proposed complaint,

9    Dkt. 1-1, be DISMISSED without prejudice, and that his IFP application, Dkt. 1, be DENIED

10   as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A proposed order accompanies this

11   Report and Recommendation.

12   DATED this 19th day of June, 2013.

13

14   _____

15   JAMES P. DONOHUE
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 3